IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL F. KOFSKY : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-5647 |
| UNUM LIFE INSURANCE COMPANY : | |
| OF AMERICA and USI AFFINITY : | |

**SURRICK, J.**                                                                                   **SEPTEMBER 2, 2014**

### MEMORANDUM

Presently before the Court is Defendant Unum Life Insurance Company of America's Motion to Dismiss (ECF No. 8) and Defendant USI Insurance Services, LLC's Motion to Dismiss (ECF No. 13). For the following reasons, Defendant Unum Life's Motion will be granted in part and denied in part, and Defendant USI Affinity's Motion will be granted.

**I.     BACKGROUND**

   **A.     Factual History**

Plaintiff Joel Kofsky claims that on or about January 1, 1995, he purchased an insurance policy ("Policy") from Unum Life Insurance Company of America ("Unum Life") that was sold by USI Insurance Services, LLC ("USI Affinity"). (Compl. ¶ 4, Notice of Removal Ex. 9, ECF No. 1.)[1] Plaintiff alleges that on an undetermined date, Defendants unilaterally cancelled his

---

[1] In considering Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6), "we accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *DelRio-Mocci v. Connolly Props., Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (quoting *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 83 (3d Cir. 2011)). At this stage, we are precluded from considering "matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, "document[s] integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (internal quotation marks omitted). The rationale for this exception is that "the primary problem raised by looking to documents outside the

insurance policy without prior notice.  (Compl. ¶ 6.)  Notwithstanding the cancellation, Plaintiff claims to have forwarded payment under the Policy.  (*Id*. at ¶ 7.)  Plaintiff further asserts that despite fulfilling his duties under the Policy, Defendants have refused to reinstate the Policy.  (*Id.* at ¶ 8.)  Plaintiff claims to have suffered irreparable harm and asserts the following claims against each of the Defendants:  breach of contract, fraud, breach of fiduciary duty, bad faith, and violation of the unfair trade practices and consumer protection law.  (*Id.*)  In addition, Plaintiff seeks a declaratory judgment.  (*Id.*)

### B. Procedural History

On August 29, 2013, Plaintiff filed the Complaint against Unum Life and USI Affinity in the Court of Common Pleas in Montgomery County, Pennsylvania.  (Notice of Removal.)  On September 26, 2013, Unum Life removed the action to this Court on the basis of diversity jurisdiction.  (*Id.*)  On October 3, 2013, Unum Life filed a Motion to Dismiss.  (Unum Life's Mot.)  On October 17, 2013, Plaintiff filed a response in opposition to Unum Life's Motion.  (Pl.'s Unum Opp'n, ECF No. 12.)  On October 31, 2013, Unum Life replied to Plaintiff's response.  (Unum Life's Resp., ECF No. 14.)  In addition, on October 17, 2013, USI Affinity filed a Motion to Dismiss.  (USI's Mot., ECF No. 13.)  Plaintiff filed a response in opposition to USI's Motion on October 31, 2013 (Pl.'s USI Resp., ECF No. 15), and USI responded on November 11, 2013 (USI's Reply, ECF No. 16).

---

complaint—lack of notice to the plaintiff—is dissipated where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Id.* (internal quotation marks omitted).  Here, all of Plaintiff's claims clearly rely on the Policy.  We will consider the content of the Policy, even though it was provided by Unum Life as part of its Motion and not by Plaintiff as part of his Complaint. (Policy, Unum Life's Mot. Ex. 2A, ECF No. 8.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  Nevertheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

In determining whether dismissal is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210.  First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id.* at 210-11.  Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  Given the nature of the two-part analysis, "[d]etermining whether a complaint states a plausible claim is context-specific, requiring the

reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64 (citing *Twombly*, 550 U.S. at 556).

As a general matter, pleadings setting forth one or more claims must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a litigant alleges fraud, however, he faces a heightened pleading standard, under which he must allege fraud "with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) commands that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* Pursuant to this heightened pleading standard, plaintiffs must "plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). This requires a description of the "who, what, when, where and how of the events at issue." *In re Rockefeller Ctr. Props., Inc. Secs. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (internal quotation marks and citation omitted). Rule 9(b) is generally considered satisfied when a defendant has "fair notice" of the charges against it. *United States v. Kensington Hosp.*, 760 F. Supp. 1120, 1126 (E.D. Pa. 1991). "[C]ourts have relaxed the rule when factual information is peculiarly within the defendant's knowledge or control." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (citations omitted).

**III.    DISCUSSION**

    **A.    Breach of Contract**

To proceed with a breach of contract claim in Pennsylvania, a plaintiff must establish: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

        *1.    Unum Life – Count I*

Unum Life argues that Plaintiff has failed to allege the necessary elements for his breach of contract claim. We disagree. Plaintiff's Complaint, while limited in factual support, does allege the existence of a contract between Unum Life and Plaintiff. Plaintiff specifically claims that he purchased the Policy from Unum Life on January 1, 1995, and Unum Life provided us with the details of the Policy, which is indeed a contract. (Compl. ¶ 4; Policy.) In addition, Plaintiff claims Unum Life breached the contract by unilaterally cancelling the Policy, despite Plaintiff fulfilling his obligations under it. (Compl. ¶¶ 6-8.) Finally, although the allegations surrounding Plaintiff's damages lack detail, he does claim that he suffered damages as a result of Unum Life's alleged breach. (*Id.* at ¶ 9.) We are satisfied that Plaintiff has alleged enough facts for his breach of contract claim to survive a motion to dismiss. The defenses that Unum Life raises that are based on disputed factual issues cannot be addressed at this stage because we can only consider the Complaint and those documents on which it relies.

        *2.    USI Affinity – Count VII*

USI Affinity similarly argues that Plaintiff has failed to allege the necessary elements of a breach of contract claim against it. Specifically, USI Affinity claims that Plaintiff has not alleged a contract between it and Plaintiff. There is no allegation that USI Affinity issued the

Policy or that USI Affinity was a party to the Policy. According to USI Affinity, it was merely the broker for Plaintiff. Plaintiff argues that his claim is sufficiently pled because insurance brokers who violate a duty are liable for breach of contract. However, the law that Plaintiff cites in support of his argument, namely *Consolidated Sun Ray, Inc. v. Lea*, 401 F.2d 650 (3d Cir. 1968), simply does not apply here. Moreover, Plaintiff has not pled any facts that allege that USI Affinity violated any duty such that the argument he makes could reasonably apply here. We agree with USI Affinity. Plaintiff has not pled any facts that could plausibly establish that a contract existed between Plaintiff and USI Affinity. Accordingly, Plaintiff's claim will be dismissed.

### B.     Fraud – Counts II & VIII

To state a claim for fraud, a plaintiff must plead: (1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result. *Ross v. Foremost Ins. Co.*, 998 A.2d 648, 654 (Pa. Super. Ct. 2010) (citations omitted). Plaintiff alleges that Unum Life and USI Affinity represented that Plaintiff would be covered under the Policy and that those representations were false. Unum Life and USI Affinity individually respond to Plaintiff's allegation, both asserting that Plaintiff has failed to factually support his claim to satisfy the heightened pleading standard mandated by Rule 9(b). Plaintiff replies by asking this Court to relax the heightened pleading requirement because he claims that the necessary factual information is within Defendants' knowledge or control.

We agree with Defendants that Plaintiff has not met the Rule 9(b) pleading standards. Plaintiff has provided no facts to support his fraud claim. The Complaint does not identify the explicit alleged misrepresentations. Instead, there is merely a conclusory list of the elements of

fraud, none of which are supported with actual facts.  Such bare bones allegations fall far short of describing the "who, what, when, where and how of the events at issue" as required by Rule 9(b).  *In re Rockefeller Ctr. Props., Inc. Secs. Litig.*, 311 F.3d at 217 (quotation omitted).  Plaintiff has not indicated the what, when, where, or how relevant to his claim.  Moreover, it would be inappropriate to relax the heightened pleading standard because the necessary factual information was not solely in Defendants' knowledge or control.  If a misrepresentation was made to Plaintiff related to the Policy, there is no reason that Plaintiff would not have enough information within his control to at a minimum identify the misrepresentation.  Plaintiff's fraud claims will be dismissed.

        **C.**     **Breach of Fiduciary Duty**

"To allege a breach of fiduciary duty, a plaintiff must establish that a fiduciary or confidential relationship existed between [him] and the defendants." *Baker v. Family Credit Counseling Corp.*, 440 F. Supp. 2d 392, 414 (E.D. Pa. 2006).  Under Pennsylvania law, such a relationship exists "whenever one occupies toward another such a position of advisor or counselor as reasonably to inspire confidence that he will act in good faith for the other's interest." *Silver v. Silver*, 219 A.2d 659, 662 (Pa. 1966).  Put another way, a confidential relationship exists "whenever one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on one side, or weakness, dependence or justifiable trust, on the other." *In re Clark's Estate*, 359 A.2d 777, 781 (Pa. 1976) (quotation omitted).

        *1.*     *Unum Life – Count III*

Unum Life argues that Plaintiff's claim must be dismissed because he has not alleged any facts to support the broad claim that a fiduciary relationship existed between himself and Unum

Life.  In support, Unum Life points out that "[t]he mere fact that an insurer and an insured enter into an insurance contract does not automatically create a fiduciary relationship . . . .  However, the contract and the duties it imposes can give rise to a fiduciary relationship between the parties."  *Garvey v. Nat'l Grange Mut. Ins. Co.*, No. 95-0019, 1995 WL 115416, at *4 (E.D. Pa. Mar. 16, 1995) (internal quotation omitted).  For instance, "[t]he insurer assumes a fiduciary duty when it asserts a stated right under the policy to handle all claims against the insured, including the right to make a binding settlement."  *Conn. Indem. Co. v. Markman*, 1993 WL 304056, at *5 (E.D. Pa. Aug. 6, 1993); *see also Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 227-28 (3d Cir. 2000) ("Under Pennsylvania law, a fiduciary duty higher than the duty of good faith and fair dealing does not arise out [of] an insurance contract until an insurer asserts a stated right under the policy to handle all claims asserted against the insured.").  Plaintiff has not alleged any facts that could plausibly establish that the Policy gave rise to a fiduciary relationship between him and Unum Life.  In fact, the Complaint alleges no facts regarding Unum Life's duties under the Policy.

Moreover, we reject Plaintiff's invitation to construe his claim as one alleging a breach of the duty of good faith and fair dealing.  Pennsylvania law does not permit a breach of fiduciary duty claim to be based on a duty of good faith and fair dealing.  *Markman*, 1993 WL 304056, at *6 ("No Pennsylvania law establishes a fiduciary duty based on the duty of good faith and fair dealing. . . . [T]he alleged failure to exercise the duty of good faith and fair dealing does not give rise to an actionable claim for a breach of fiduciary duty.").  The proper place for Plaintiff to assert a claim for breach of good faith and fair dealings is in the breach of contract or bad faith context.  *Garvey*, 1995 WL 115416, at *4.  Accordingly, Plaintiff's breach of fiduciary duty claim will be dismissed.

8

2.     *USI Affinity – Count IX*

USI Affinity similarly argues that Plaintiff's claim must fail because he has not alleged a fiduciary relationship between himself and USI Affinity.  Plaintiff responds with a conclusory statement that he has alleged that he was in a fiduciary relationship with USI Affinity.  However, Plaintiff points to no fact that could support such a relationship.  Therefore, Plaintiff's claim fails to plead a fiduciary relationship and will be dismissed.  In addition, we again refuse to construe Plaintiff's claim as one alleging a breach of the duty of good faith and fair dealing.  As discussed above, a breach of fiduciary duty claim cannot be based on the duty of good faith and fair dealing.  Moreover, Plaintiff has not alleged that a contract exists that would give rise to such a duty.  Again, Plaintiff's claim fails.

**D.     Bad Faith**

In Pennsylvania, bad faith is a statutory remedy that requires a plaintiff to "plead allegations and facts indicating that the insurer (1) did not have a reasonable basis for its actions and (2) knew or recklessly disregarded its lack of a reasonable basis for its actions." *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 140 (E.D. Pa. 2007) (internal quotation omitted) (citing 41 Pa. Con. Stat. Ann. § 8371).  The statute "does not define the specific acts that would establish 'bad faith toward the insured,' but courts have subsequently determined several actions to constitute bad faith, including:  (1) a frivolous or unfounded refusal to pay; (2) a failure to investigate into the facts; or (3) a failure to communicate with the insured." *Id.* (quoting *Livornese v. Med. Protective Co.*, 219 F. Supp. 2d 645, 647 (E.D. Pa. 2002)).

1.     *Unum Life – Count IV*

Unum Life claims that Plaintiff has failed to plead a claim for bad faith.  We disagree.  While the Complaint lacks details, it does provide enough factual allegations to sufficiently state

a bad faith claim.  Plaintiff claims Unum Life unilaterally cancelled the Policy even though Plaintiff had fulfilled his obligations under the Policy.  Accepting these facts as true, Plaintiff has alleged that Unum Life did not have a reasonable basis for cancelling the Policy, which can be the basis of a bad faith claim.  From Unum Life's Motion, it is evident that there are factual disputes that will need to be explored during discovery surrounding whether Unum Life acted reasonably.  At this juncture, it would be inappropriate to dismiss Plaintiff's claim.

        2.     *USI Affinity – Count X*

USI Affinity claims that Plaintiff's bad faith claim against it must fail because bad faith claims can be brought only against insurers, and it is not an insurer.  We agree.  Although § 8371 does not define "insurer," courts in this district relying on Pennsylvania law have interpreted "insurer" to mean an entity that "issues policies, collects premiums, and in exchange assumes certain risks and contractual obligations."  *T & N PLC v. Pa. Ins. Guar. Ass'n*, 800 F. Supp. 1259, 1262 (E.D. Pa. 1992); *see also Powell v. Crawford & Co.*, No. 03-2182, 2003 WL 22657187, at *2 (E.D. Pa. Oct. 30, 2003) (collecting relevant cases); *Dresdner v. State Farm Mut. Auto. Ins. Co.*, No. 95-4305, 1995 WL 468427, at *1 (E.D. Pa. Aug. 8, 1995) ("Bad faith claims against insurance agents . . . have been found to be impermissible under § 8371.").  Plaintiff does not allege that USI Affinity issued the Policy, but that it sold the Policy as a broker.  Moreover, Plaintiff has not alleged that USI Affinity collected any premiums or assumed any risks or contractual obligations.  Therefore, Plaintiff has not pled that USI Affinity is an insurer.  Accordingly, § 8371 does not apply to it here.  Plaintiff's claim will be dismissed.

     **E.**     **Unfair Trade Practices – Counts V & XI**

Plaintiff attempts to bring claims against both Unum Life and USI Affinity under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") based on

Defendants alleged "misrepresentations." (Compl. ¶¶ 37-41, 76-79.) "To bring a claim of fraud under the UTPCPL, Pennsylvania state court precedent requires [P]laintiffs to meet the elements of common law fraud." *Schwartz v. Lawyers Title Ins. Co.*, 680 F. Supp. 2d 690, 713 (E.D. Pa. 2010) (citing *Weinberg v. Sun Co.*, 777 A.2d 442, 445-46 (Pa. 2001)). As discussed *supra* III. C., Plaintiff has failed to sufficiently allege the elements of common law fraud because he did not provide factual support for the allegation that he relied upon misrepresentations made by Defendants. Because Plaintiff is unable to successfully allege a fraud claim, his UTPCPL claim that relies on the alleged fraud must fail. Plaintiff has not alleged that Defendants engaged in unfair or deceptive acts or practices, and Plaintiff's claims will be dismissed.

### F.   Declaratory Judgment – Count XII

USI Affinity argues that Plaintiff's declaratory judgment action against it must be dismissed because Plaintiff is seeking enforcement of the Policy and USI Affinity is not a party to the Policy nor can USI Affinity enforce the Policy. USI Affinity is correct. Plaintiff's declaratory judgment action against it is defective as currently pled. Plaintiff has not alleged that USI Affinity was a party to the Policy or that it had any obligations to Plaintiff under the Policy. If Plaintiff's declaratory judgment was granted and we "declared the said insurance policy to be in full effect and force" as Plaintiff requests, USI Affinity would owe nothing to Plaintiff according to the facts set out in the Complaint. (Compl. ¶ 86.) Therefore, we will dismiss Plaintiff's declaratory judgment against USI Affinity because Plaintiff has failed to allege facts to support that any contract existed between USI Affinity and himself.

### G.   Statute of Limitations

Finally, Unum Life argues that Plaintiff's actions for breach of contract, bad faith, and declaratory judgment should be dismissed because they are each barred by the applicable statute

11

of limitations. Plaintiff's response cites *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002), which states that "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the Complaint under Rule 12(b)(6)." *See also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."). Plaintiff claims that it is not evident from the face of the Complaint when the statute of limitations began to run on his claims and therefore we cannot time bar his claims at this juncture. We agree. After examining the face of the Complaint and the text of the Policy, it is unclear when the statute of limitations began to run on Plaintiff's surviving actions for breach of contract, bad faith, and declaratory judgment. Therefore, these claims survive this motion to dismiss and the parties can explore when the statute of limitations began to run on these claims during discovery.

IV. **CONCLUSION**

For the foregoing reasons, Defendant Unum Life's Motion to Dismiss will be granted in part and denied in part, and Defendant USI Affinity's Motion to Dismiss will be granted.

An appropriate Order will follow.

**BY THE COURT:**

*/s/R. Barclay Surrick*
**U.S. District Judge**